IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS CLAY | § | |
| v. | § | CIVIL ACTION NO. 9:03cv268 |
| UTMB, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Thomas Clay, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On May 2, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because Clay has three strikes pursuant to 28 U.S.C. §1915(g), but did not pay the filing fee nor show that he is in imminent danger of serious physical injury at the time of the filing of the lawsuit. Clay filed objections to the Magistrate Judge's Report on May 19, 2006.

In his objections, Clay complains first that the Magistrate Judge cited an unpublished decision as precedent. While the Magistrate Judge did refer to the unpublished decision of Comeaux v. Cockrell, 72 Fed.Appx. 54 (5th Cir., July 15, 2003) (not selected for publication in the Federal Reporter), the Magistrate Judge also cited Patton v. Jefferson Correctional Center, 136 F.3d 458 (5th Cir. 1998), a published decision which indicates, as does Comeaux, that partial dismissals of cases as frivolous count as strikes even if other portions of the case are dismissed for other reasons. Clay has failed to show any error in a reference to an unpublished case when a published case was also cited for the same proposition of law, nor does he show that the proposition of law set out by the

1

Magistrate Judge was incorrect. His objection on this point is without merit, as is his contention that the Court somehow "reopened" the judgments in his prior lawsuits in order to find them as strikes.

Clay argues that the Magistrate Judge and the Fifth Circuit have "expanded the judicial power beyond limits" by "amending" Section 1915(g). This contention is without merit. He also asserts that none of his prior cases were dismissed as frivolous and thus none of them count as strikes. The Magistrate Judge carefully set out each of the prior cases filed by Clay which were dismissed, in whole or in part, as frivolous.[1] Clay fails to show that the Magistrate Judge erred in any respect in determining that these cases count as "strikes," given that partial dismissals of cases as frivolous count as strikes even if other portions of the case are dismissed for other reasons. Patton, 136 F.3d at 465. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's *in forma pauperis* status is hereby REVOKED and the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling

---

[1] *See, e.g.,* Clay v. Christus Spohn Memorial, et al., C-01-002 (S.D.Tex., dismissed as frivolous July 5, 2002, no appeal taken); Clay v. Nueces County Sheriff's Dept., et al., C-01-158 (S.D.Tex., dismissed as frivolous April 12, 2002, no appeal taken); Clay v. Ramos, et al., C-00-0409 (S.D.Tex. 2001) (certain claims dismissed for failure to state a claim on April 3, 2001, and final judgment entered after Clay refused to cooperate in trial preparation, which the Southern District of Texas termed a "clear record of contumacious conduct"); Clay v. Nueces County Jail, et al., C-00-0477 (S.D.Tex.) (certain claims and parties dismissed as frivolous and for failure to state a claim on March 28, 2002; final judgment with prejudice entered on May 7, 2002, for failure to prosecute); and Clay v. Vasquez, et al., C-01-0135 (S.D.Tex.) (certain claims and parties dismissed as frivolous and for failure to state a claim on March 12, 2002; final judgment with prejudice entered on May 7, 2002, for failure to prosecute). In Clay v. Correctional Management, G-05-569 (S.D.Tex.), the Southern District specifically said that Clay had three strikes and referred to him as a "recreational litigator."

of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 2 day of **June, 2006.**

_____
Thad Heartfield
United States District Judge