IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY | § | |
| v. | § | CIVIL ACTION NO. 9:03cv268 |
| UTMB, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT**

The Plaintiff Thomas Clay, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Clay's lawsuit was dismissed on June 2, 2006, upon a determination that he had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted. He appealed this decision to the Fifth Circuit, but his appeal was dismissed for want of prosecution on August 31, 2006.

On June 30, 2009, Clay filed a motion for relief from judgment, complaining that he had filed several lawsuits and appeals and that he had initially been granted *in forma pauperis* status, but that it had been revoked. Nonetheless, he complained that he had been assessed filing fees for all of these lawsuits and appeals, for which he had a balance due, as of January 30, 2009, of $2,310.11. Clay says that this was an "error" which was not any fault of his, and that the fees should not have been assessed because his *in forma pauperis* status was revoked. Clay asked that the Court rescind the filing fees which had been assessed and which remain pending.

1

After review of the motion, the Magistrate Judge issued a Report recommending that the motion be denied. The Magistrate Judge noted that the Fifth Circuit has held that inmates are obligated to pay the full filing fee for a complaint and that this obligation arises at the moment that the lawsuit is filed. Thus, the Magistrate Judge said, Clay's obligation to pay the fee arose prior to, and was not extinguished by, the revocation of his *in forma pauperis* status. The Magistrate Judge also cited Fifth Circuit authority stating that appellate fees are assessed at filing regardless of the outcome of the appeal, as well as cases from outside of the Fifth Circuit holding that the full filing fee requirement remains in effect even where the case is subject to dismissal under Section 1915(g), as was Clay's.

In his objections to the Magistrate Judge's Report, Clay says that the Section 1915(g) bar was imposed upon him erroneously and that he was never given an opportunity to be heard concerning this. He says that the Fifth Circuit "bypassed circuit case law" and also deprived him of the opportunity to challenge the imposition of the bar.

Clay goes on to argue that because partial filing fees are not available to persons barred under Section 1915(g), they should not be assessed against him. In addition, he says that the way that the deductions are being made imposes an "unnecessary hardship" upon him. On June 11, 2009, he says, he received the first deposit to his inmate trust account in six years, but it was taken away in full because of the holds on his account.[1] He says that the law requires deduction of 20 percent of the total deposit, not 20 percent of the deposit per case filed.

In fact, court records show that Clay had extensive opportunity to and did challenge the imposition of the three strikes bar. The Report of the Magistrate Judge dated May 2, 2006, listed no fewer than five cases which are countable as strikes. Clay filed objections to the Magistrate Judge's Report, setting out his argument why he did not believe that he had three strikes, and this Court conducted a *de novo* review, concluding that the Magistrate Judge's Report was correct and that

---

[1] Later in his objections, Clay says that 80 percent rather than 20 percent of the deposit was taken.

2

Clay's arguments and objections lacked merit. The objection process gave Clay ample opportunity to be heard on his claim that he did not have three strikes. Clay's contention on this point is without merit.

Second, Clay complains of the assessment of the fees. He appears to state that if a prisoner who is barred by the three-strike statute files a lawsuit, he should not have a filing fee assessed at all. As the Magistrate Judge correctly observed, the filing fee attaches at the moment that the lawsuit is filed. The fact that the prisoner filing the lawsuit has three strikes does not insulate him from the imposition of the statutory filing fee; it merely provides that the prisoner cannot be granted *in forma pauperis* status. As such, the prisoner still owes the filing fee, which was assessed at the moment of filing, but cannot satisfy the fee through periodic deductions from his inmate trust account. All other litigants have the statutory filing fee assessed at the moment that the lawsuit is filed, and prisoners with three strikes are no exception. Because Clay owes these fees for the lawsuits which he has filed, he makes no showing that he is entitled to a refund or to have the remainder of these fees waived. His claim on this point is without merit.

Finally, Clay says that an excessive percentage of the deposits to his account are being taken. He argues that the statute only provides for a deduction of 20 percent of the total amount deposited, and that the deduction should not be done per case filed. The Fifth Circuit has specifically rejected Clay's argument, holding that the 20-percent deduction requirement is calculated "per case" rather than "per prisoner." Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002). This objection is without merit.

The Court has conducted a careful *de novo* review of all the pleadings in this cause, including the Plaintiff's motion for relief from judgment, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objection are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge (docket no. 134) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for relief from judgment (docket no. 133) and motion for leave to file supplemental pleadings (docket no. 136) are hereby DENIED.

**SIGNED** this the **19** day of **January, 2010.**

_____
Thad Heartfield
United States District Judge